972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Idris I. SIDDIQI, Plaintiff/Appellant,
v.
Michael P. LANE, Michael O'Leary, and James Greer,
Defendants/Appellees.
 No. 91-1521.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided July 27, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Idris Siddiqi is a prisoner at Pontiac Correctional Center. In 1989, the defendants in this case, who are all prison officials, classified Siddiqi as an extremely high escape risk. Because of this classification Siddiqi lost certain privileges and rights possessed by inmates with lower escape-risk classifications. Siddiqi sued the prison officials under 42 U.S.C. § 1983, claiming that they violated his constitutional rights by upgrading his security classification. Specifically, Siddiqi claimed that the officials violated his Fourteenth Amendment rights by raising his classification while not raising the classification of prisoners with similar records of conduct. He alleged that the officials intentionally created the classification disparity in retaliation for Siddiqi's political and religious beliefs and because he had filed suit against the officials regarding other matters.[1]
 
 
 2
 The district court held that Siddiqi had no liberty interest in his security classification, and therefore he could not maintain an action stemming from that classification. Accordingly, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(d) because Siddiqi could "make no rational argument in law or fact to support his or her claim for relief."
 
 
 3
 We review dismissals under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court has "the authority to dismiss a claim based on an indisputably meritless legal theory." Nietzke v. Williams, 490 U.S. 319, 327 (1989). The court dismissed Siddiqi's claim because it concluded that Siddiqi had no liberty interest in his security classification, so he could not maintain a civil rights suit based on that classification. Siddiqi has no constitutional right to a particular security classification. Moody v. Daggett, 429 U.S. 78, 88 & n. 9 (1976). If the state elected to recognize such a right, then he would have an enforceable claim under the Fourteenth Amendment. Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991). But Siddiqi did not allege that the state had created a right to a particular security classification. The court did not abuse its discretion by finding Siddiqi's claim indisputably without merit.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Siddiqi proffers these allegations as reasons why he believes the defendants in this case have violated his rights under the due process clause of the fourteenth amendment. Although "[a] transfer motivated by speech [or religious beliefs] could violate the Constitution, ... the bar would come from the first amendment and not the due process clause." Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (en banc). Siddiqi appears to frame his speech and religion arguments strictly in terms of his due process claim, which would be inappropriate. Moreover, the allegations as Siddiqi has set them forth are too vague to constitute a legitimate first amendment claim